UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FERNANDEZ REMIREZ WALKER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV01962 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Fernandez Remirez Walker's ("Movant") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [doc. #1].

On June 8, 2009, Movant pled guilty, pursuant to a plea agreement, to one count of possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a), and the Court sentenced Movant to the statutory mandatory minimum sentence of 60 months on October 14, 2009. Approximately 10 months later, in August 2010, President Barack Obama signed the Fair Sentencing Act of 2010 ("FSA") into law, which, among other things, adjusts upward the amount of cocaine base necessary to trigger a mandatory minimum sentence. *See United States v. Orr*, 636 F.3d 944, 957 (8th Cir. 2011) (explaining the effect of the FSA). In his Motion under § 2255, Movant asks the Court to set aside his previous sentence and sentence him in accordance with the new statutory minimums under the FSA.

Leaving aside the issue of whether this claim is foreclosed by the waiver of post-conviction rights in Movant's plea agreement, Movant's claim must be denied because he is not entitled to resentencing under the FSA. The FSA acts as a partial repeal of, or amendment to, the Controlled Substances Act, *see id.* at 958, and the federal Savings Statute, 1 U.S.C. § 109,

provides that "[t]he repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide . . . ." The FSA is silent on retroactivity, and as a result, the Eighth Circuit has repeatedly held that it may not be applied retroactively. *See, e.g.*, *id.*; *United States v. Smith*, 632 F.3d 1043, 1047-49 (8th Cir. 2011); *United States v. Brewer*, 624 F.3d 900, 909 n.7 (8th Cir. 2010). The Court recognizes that the United States Sentencing Commission has recently voted to give retroactive effect to its proposed permanent amendment to the United States Sentencing Guidelines implementing the FSA, but such retroactivity will not take effect until November 1, 2011 and is still subject to congressional action disapproving the amendment. Furthermore, it appears that any resentencing that might occur due to the Commission's decision will take place in the context of the underlying criminal case, pursuant to 18 U.S.C. § 3582(c)(2) – that is, not through a motion under § 2255. As such, Movant's sole claim for relief under § 2255 is inadequate on its face, and it will therefore be dismissed without an evidentiary hearing. *See Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994).

The Court further concludes that Movant has not made a substantial showing of the denial of a constitutional right as is required before a certificate of appealability can be issued. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings") (internal citation omitted). Therefore, the Court shall not issue a certificate of appealability for Movant's claim.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Fernandez Remirez Walker's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability for the claim raised in Movant's Motion.

Dated this 1st Day of July, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE